The Honorable Joe E. Yates State Senator 1812 Clark Street Bentonville, AR 72712
Dear Senator Yates:
This is in response to your request for an opinion regarding the one percent (1%) local sales and use tax authorized under the Local Government Bond Act of 1985 ("Act") which is codified at A.C.A. 14-164-301, et seq.
You note that refunding bonds were issued by the City of Bentonville in 1985 for the purpose of refunding a bond issue payable from the City's combined electric, water and sewer system. According to your correspondence, the refunding bonds were authorized by City ordinance, and no election was held.
Your specific question with regard to this set of facts is restated as follows:
 Can the City lawfully levy a tax under the authority of A.C.A. 14-164-327 through 14-164-336 and pledge collections to the payment of the refunding bonds which have previously been issued and are outstanding?
It is my opinion, following a review of the Act, that the legislature did not intend to authorize the 1% sales and use tax in this situation. This conclusion is based upon an interpretation of the Act, in the absence of interpretive authority on point.
The levy of a sales and use tax is authorized under A.C.A.14-164-327 as follows:
 (a) In lieu of or in addition to the levying of an ad valorem tax to retire bonds for capital improvement purposes, the legislative body of a municipality or county may adopt an ordinance levying a one percent (1%) local sales and use tax to retire the bonds in accordance with the terms of this section and 14-164-328 — 14-164-335.
An election must be held before the levy of the tax will be effective. A.C.A. 14-164-329(a).
The question thus arises: "To what `bonds' do these provisions refer?" The definitional section of the Act may, upon initial review, appear to suggest that this term encompasses any of the bonds, including refunding bonds, authorized under the Act. "Bonds" are defined under 14-164-303(a)(1) as "bonds issued pursuant to this subchapter or under Arkansas Constitution, Amendment 62 if issued prior to the enactment hereof."
The language of 14-164-324, directed specifically to "refunding bonds," must, however, also be considered. This provision states in part as follows:
 (a) Bonds may be issued under this subchapter for the purpose of refunding any outstanding bonds issued pursuant to Arkansas Constitution, Amendment 62 or prior amendments to the Arkansas Constitution, Amendment 62.
* * *
 (c) Refunding bonds shall in all respects be authorized, issued, and secured in the manner provided for the bonds being refunded, and shall have all the attributes of the refunded bonds. However, if the refunding bonds are not in a greater principal amount than the bonds being refunded the question of issuing such refunding bonds need not be submitted at an election.
 (d)(1) The ordinance under which the refunding bonds are issued may provide that any refunding bonds shall have the same priority of lien on all sources of taxation or other income as originally pledged for payment of the obligation refunded thereby.
 (2) Alternatively, the ordinance may provide that refunding bonds to be issued to refund indebtedness originally created under Arkansas Constitution, Amendments 13, 17, 25, or 49 may be issued and secured in the manner provided in Arkansas Constitution, Amendment 62 and this subchapter if the question of the issuance of the refunding bonds is submitted to the electors in the manner provided in 14-164-309.
 (e)(1) Bonds may be also be issued under the provisions of this subchapter for the purpose of refunding any outstanding revenue bonds, including bonds secured in whole or in part by revenues derived from any special tax pledged thereto, issued, whether or not issued prior or subsequent to April 15, 1985, to finance capital improvements of a public nature if the question of the issuance of the refunding bonds is submitted to the electors in the manner provided in 14-164-309. [Emphasis added.]
The language of this section with regard to refunding bonds being "authorized, issued, and secured in the manner provided for the bonds being refunded" (A.C.A. 14-164-323(c) (emphasis added)), cannot be ignored. It is my understanding under the facts presented in your correspondence that the refunding bonds, like the bonds being refunded, are currently secured by System revenues. It may be successfully contended in this instance, based upon the language of 14-164-324(c), that the 1% sales and use tax may generally not be utilized if that was not one of the methods specified as security for the bonds being refunded.[1]
Several other sections of the Act also suggest this result. Section 14-164-328 states:
 In addition to the requirements of 14-164-309, and in lieu of a reference to an ad valorem tax, if none is to be levied, there shall be set forth on the ballot a statement that a local sales and use tax of one percent (1%) shall be levied and pledged to the retirement of the bonds approved by the voters.
A.C.A. 14-164-328(a)(2) (emphasis added).
Section 14-164-329(a) then states: "The levy of such tax shall not be effective until after the election has been held and the issuance of bonds has been approved by the voters." (Emphasis added).
The reference in these sections to bonds "approved by the voters" offers further indication of legislative intent in that the question of issuing refunded bonds need not be submitted to the voters if the principal amount of the refunding bonds does not exceed that of the bonds being refunded. A.C.A. 14-164-324(c). Compare n. 1.
Reference must also be made, finally, to several other Code provisions governing the pledge of 1% sales and use tax revenues to the payment of principal of the interest on bonds. A sales and use tax for capital improvements is authorized under A.C.A.26-74-201, et seq. and 26-75-201, et seq. for counties and cities, respectively.[2] Provision is made under these Code sections for the issuance of revenue bonds, and the pledge of the sales and use tax to retire the bonds, and the pledge of the sales and use tax to retire the bonds. A.C.A. 26-74-206 and 26-75-204. Significant for our purposes are the sections governing the pledge of tax revenues. Section 26-74-206 states in pertinent part as follows:
 Any county levying the tax as permitted in this subchapter is authorized to pledge all or any part of the revenues which the county is entitled to receive from the tax levied pursuant to this subchapter to the payment of lease rentals and principal of and interest on bonds . . . or on bonds issued to refund such bonds. . . . [Emphasis added].
This same language appears in A.C.A. 26-75-206 with respect to cities.
It is therefore apparent that the legislature has specifically provided elsewhere for the pledge of a 1% sales and use tax to secure the retirement of refunding bonds. This lends further credence to the contention that this authority could, similarly, have been clearly stated under A.C.A. 14-164-301, et seq., had the legislature so intended.
Thus, despite the fact that the Act must be "broadly interpreted" (A.C.A. 14-164-304), it is my opinion that at the very least, the language of the Act raises significant tax levy pledged to the payment of these refunding bonds. All of the foregoing factors point to the conclusion that the authorized levy of a sales and use tax does not generally extend to bonds issued as "refunding bonds" under A.C.A. 14-164-324. There is of course, always the possibility that a court could reach a different decision upon review of these facts. Bearing in mind, however, that all doubts must be resolved against the taxing power, it is my opinion that a court would in all likelihood conclude that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] An exception may lie in subsection (d)(2) of 14-164-324. This subsection appears to authorize the securing of refunding bonds in the manner set forth under the Act including, presumably, the sales and use tax levy, if the indebtedness being refunded was created under the specified Constitutional amendments. Yet it must be recognized that this provision only applies ". . . if the question of the issuance of refunding bonds is submitted to the electors in the manner provided in 14-164-309." Id. This provision may not, in my opinion, be read to authorize a submission to the electors after the refunding bonds have been issued. This conclusion is buttressed by the reference therein to the refunding bonds "to be issued." Id.
[2] It is my understanding that a 1% sales and use tax is currently being levied in the City of Bentonville.